Ruffin, Chief Justice,
 

 having stated the case as above, proceeded as follows: — In the opinion of this Court, there is no error on either of the points made in the exceptions.
 

 The failure of the plaintiff to entitle himself to the particular writ, ^ making an affidavit to the foreign residence of the defendant, cannot be taken advantage of now, according to the rule, that objections to the process are waived by a plea in bar. Besides that, the 26th section of the act of 1777 (1
 
 Rev. Stat.
 
 c. 6, sec. 3,) provides particularly, that if an attachment be issued without bond and affidavit taken and returned, as mentioned in the previous section, “ it
 
 shall
 
 be abated on the plea of the defendant.” The fourth resolution in
 
 Powell
 
 v.
 
 Hampton,
 
 Conf. Rep. 86, is, that the matter must be put on the record by plea, and cannot avail on a writ of error, where the judgment was by default. Without reconsidering that point, we think that the statute must, at the least, mean, that where the defendant does appear, the defect may and must be pleaded in abatement according to the general principles of pleading; and, consequently, the defect is cured by the plea in bar.
 

 Upon the other point, the case of
 
 M'Culloch v. Tyson and Person, 2
 
 Hawks, 336, and the previous one of
 
 Lavender
 
 v.
 
 Pritchard, 2
 
 Hay. Rep. 337, authorize the acts of the Court. Those were cases of appeal bonds, on which the judgment may be summary: and yet they were cancelled, and others substituted to let in a witness, The purpose of the statutes is to secure the opposite party. If that be done, there is no reason, founded in justice, why a witness may not be made competent in this manner.
 

 Per Cukiam. Judgment affirmed.